UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

BARBARA JACOBI,

                                        Plaintiff,

                    -v-

CAROLYN W. COLVIN, *Acting Commissioner of
Social Security*,

                                        Defendant.

------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 8/19/15

14 Civ. 3827 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Barbara Jacobi brings this action pursuant to § 205(g) of the Social Security Act

(the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner

of Social Security ("Commissioner") denying Jacobi's application for disability insurance

benefits. Both sides have moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c). Before the Court is the July 15, 2015 Report and Recommendation of the

Honorable James C. Francis IV, United States Magistrate Judge, recommending that the Court

grant Jacobi's motion, deny the Commissioner's motion, and remand the case to the

Commissioner for further development of the record. Dkt. 23 (the "Report"). For the following

reasons, the Court adopts the Report in full.

I.      **Background**[1]

Jacobi, now age 57, has worked as a qualified mental retardation professional, a director

of development and vocation for a non-profit organization, a special events coordinator, and a

---

[1] The Court's summary of the facts of this case is drawn from the Report's detailed account of
the facts, to which neither party objects.

sorority director.  Her last job was as the office manager for a holistic medical clinic; she held

this position until November 2009, when the company went bankrupt.  She has not worked since.

On February 10, 2012, Jacobi applied for disability insurance benefits and supplemental

security income.  Jacobi alleged that she had been disabled since February 1, 2010.  On May 22,

2012, both of Jacobi's applications were denied.  Jacobi timely requested and was granted a

hearing before an Administrative Law Judge ("ALJ").  On November 2, 2012, the ALJ

conducted a hearing, at which Jacobi testified.

On January 17, 2013, the ALJ issued a decision, concluding that Jacobi was not disabled

within the meaning of the Act after February 1, 2010, the alleged onset date.  Employing the

five-step sequential evaluation process set out in 20 C.F.R. § 404.1520(a)(4),[2] the ALJ found at

step one that Jacobi was not engaged in substantial gainful activity and, at step two, that Jacobi

suffered from several "severe" impairments—namely, major depressive disorder, panic disorder

with agoraphobia, ethanol abuse in remission, fibromyalgia, and a lumbar sprain.  At step three,

---

[2] The Second Circuit has defined the five-step sequential evaluation process as follows:

> The first step of this process requires the Secretary [of Health and Human Services]
> to determine whether the claimant is presently employed.  If the claimant is not
> employed, the Secretary then determines whether the claimant has a "severe
> impairment" that limits her capacity to work.  If the claimant has such an
> impairment, the Secretary next considers whether the claimant has an impairment
> that is listed in Appendix 1 of the regulations.  When the claimant has such an
> impairment, the Secretary will find the claimant disabled.  However, if the claimant
> does not have a listed impairment, the Secretary must determine, under the fourth
> step, whether the claimant possesses the residual functional capacity to perform her
> past relevant work.  Finally, if the claimant is unable to perform her past relevant
> work, the Secretary determines whether the claimant is capable of performing any
> other work.

*Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing 20 C.F.R. § 404.1520(a)(4)).

the ALJ found that Jacobi's severe impairments did not render her *per se* disabled, as they did not meet nor medically equal the specified criteria of any listed impairment.

The ALJ therefore moved to step four, which "focuses on whether, despite a disability claimant's severe impairments, the claimant 'possesses the residual functional capacity to perform her past relevant work.'" *Cichocki v. Astrue*, 729 F.3d 172, 175 (2d Cir. 2013) (quoting *Perez*, 77 F.3d at 46). The ALJ concluded that Jacobi was unable to perform any past relevant work. Dkt. 8 ("Administrative Record"), at 34. But, the ALJ determined, Jacobi could perform "less than the full range of sedentary work" as defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a), although Jacobi would require certain accommodations to do such work, including the ability to alternate at will between sitting and standing, and limitations on physical activities such as kneeling, working at heights, or moving machinery. The ALJ determined that Jacobi was capable of performing "low stress jobs" in which she would be required occasionally to make decisions or exercise judgment. The ALJ came to that conclusion by evaluating her reported symptoms—while finding that her statements concerning those symptoms to be "not entirely credible"—and giving some, little, or no weight to her treating physicians' opinions.

The ALJ therefore proceeded to step five of his evaluation, in which he determined that, based on the findings of the ALJ's vocational expert and Jacobi's residual functional capacity, Jacobi was capable of performing various jobs and therefore not disabled within the meaning of the Act.

On April 1, 2014, the Appeals Council denied Jacobi's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On May 29, 2014, Jacobi commenced the present action.  *See* Dkt. 2 ("Complaint").  The Complaint asserts that the ALJ's decision was erroneous, unsupported by the medical evidence and testimony presented before and during the hearing, and contrary to governing law. *Id.* ¶¶ 16–17.  On October 14, 2014, the Commissioner answered.  Dkt. 7.

On October 15, 2014, the Court referred the case to Judge Francis.  Dkt. 9.  On December 29, 2014, Jacobi filed a motion for judgment on the pleadings, Dkt. 12, and a supporting memorandum of law, Dkt. 13.  On June 10, 2015, the Commissioner filed a cross-motion for judgment on the pleadings, Dkt. 20, and a supporting memorandum of law, Dkt. 21.

On July 15, 2015, Judge Francis issued the Report on the parties' cross-motions for judgment on the pleadings.  Judge Francis concluded that the ALJ had erred in his application of the treating physician rule with respect to three physicians who treated Jacobi.  In light of this error, Judge Francis recommended that the Court vacate the Commissioner's decision denying benefits, and remand the case to the Commissioner for further development of the record.

The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance.  *See* Report at 24.  To date, the Court has not received any objections.

## II.    Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made,

"a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of Judge Francis's thorough and well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that the ALJ committed a legal error. On remand, the Commissioner is directed, consistent with Judge Francis's Report, to (1) expand the evidentiary record in pertinent areas, (2) articulate reasons, if any, for discounting the findings of treating sources, and (3) correct all other deficiencies noted in the Report. The Report, which is incorporated by reference herein, is therefore adopted without modification.

## CONCLUSION

For the reasons articulated in the Report, the Court grants Jacobi's motion for judgment on the pleadings, denies the Commissioner's motion for judgment on the pleadings, and remands the case to the Commissioner for further development of the record. The Clerk of Court is directed to terminate the motions pending at docket numbers 12 and 20, and to close this case.


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: August 19, 2015
      New York, New York